# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| TAMMY J. BROWN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-27-DBH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises two questions: whether the administrative law judge gave the proper weight to the opinion of a treating physician and whether his evaluation of the plaintiff's credibility is supported by substantial evidence. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements for SSD benefits only through March 31, 2008, Finding 1, Record at 9; that she suffered from a mood disorder with depression and anxiety and a history of polysubstance

---

[1] This action is properly brought under 42 U.S.C. §§ 405(b) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 15, 2010, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

abuse, impairments that were severe, Finding 3, *id*. at 10; that she did not have an impairment or combination of impairments that met or medically equaled the criteria of any of the impairments listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P, Finding 4, *id*.; that she retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with a nonexertional limitation to simple, unskilled work involving only limited interaction with the public, Finding 5, *id*. at 11-12; that she was unable to perform her past relevant work, Finding 6, *id*. at 14; that, given her age (35 at the alleged date of onset, December 14, 2006), limited education, work experience, and RFC, use of the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P, as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, including cleaner/housekeeper, assembler of small products, and bottling line attendant, Findings 7-10, *id.* at 14-15; and that she was, therefore, not under a disability, as that term is defined in the Social Security Act, at any time from the alleged date of onset, December 14, 2006, through the date of the decision, September 21, 2009, Finding 11, *id*. at 15, 16. The Decision Review Board did not complete its review during the time allowed, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 405.450(b); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1988).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion[2]

The plaintiff contends that the administrative law judge should have given controlling weight to the Mental Impairment Questionnaire completed by her treating psychiatrist, James Krainin, M.D. Itemized Statement at [3]. A treating physician's opinion is given controlling weight only when it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

The administrative law judge, who erroneously refers to Dr. Krainin as "Dr. Kramlin," Record at 13, addressed the six-page Mental Impairment Questionnaire, which is the only document in the record reflecting his treatment of the plaintiff, as follows:

> As for the opinion evidence, the undersigned has carefully considered the opinion of Dr. Kra[inin] contained in the record at Exhibit 17F, but affords this opinion little weight. Dr. Kra[inin] has not provided any clinical observations to support his assessment. Moreover, he acknowledged on July 28, 2009, that he had only treated her since May 26, 2009 and was only seeing her on a monthly basis (Exhibit 17F, p.1). In contrast, Dr. [] Dreher found that the claimant had normal ability to maintain daily function (Exhibit 4F). While Dr. Ginn did indicate

---

[2] At oral argument, the plaintiff's attorney stated that the plaintiff would not pursue the second issue presented in her statement of errors, a challenge to the administrative law judge's finding concerning her credibility. Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 17) at [3], [7]. As a result, only a single issue is presented to the court on this appeal.

3

> concern about intellectual functioning in September 2007, this concern is afforded little weight as no other treating or examining physician or mental health provider has documented such observations or concerns (Exhibit 7F). In fact, the claimant has successfully worked in the past as a supervisor of 7 other individuals. The record considered in total is consistent with the opinion of State Agency reviewing psychologist Dr. Hoch (Exhibit 9F, 10F). His opinion is well-reasoned based upon all of the medical evidence of record. The more recent medical records are quite consistent with the claimant's past history. Therefore, the undersigned affords this opinion substantial weight.

*Id*. at 13-14.

Dr. Krainin's questionnaire states that he has seen the plaintiff three times. *Id*. at 736. The space following the request "Describe the *clinical findings* including results of mental status examination that demonstrate the severity of your patient's mental impairment and symptoms:" is left blank, as is the space marker "Prognosis". *Id*. at 736-37 (emphasis in original). There is simply no evidence whatsoever in this form of medically acceptable clinical and laboratory diagnostic techniques to support Dr. Krainin's conclusions. Contrary to the plaintiff's contention, a series of check marks in certain boxes under the heading "Identify your patient's signs and symptoms," Record at 737, does not equate to "lengthy clinical observations." Itemized Statement at [6]. Nor could Dr. Krainin possibly have personally observed all of the signs and symptoms checked in the course of only three appointments. For this reason alone, the conclusions stated on the form are not entitled to controlling weight.[3] In addition, as the quoted portion of the administrative law judge's opinion makes clear, Dr. Krainin's conclusions are inconsistent with those of other medical professionals that are in the record. The fact that they may also be consistent with some of the other medical evidence in the record, as the plaintiff

---

[3] The plaintiff's assertion that Dr. Krainin's "opinions satisfy the rules for controlling weight in SSR 96-2p[,]" Itemized Statement at [6], is incorrect. Like the regulation cited in the text, the Ruling requires that the treating source's opinion be well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record in order to be entitled to controlling weight. Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2010-2011) at 112.

asserts, Itemized Statement at [6], does not mean that the administrative law judge must adopt those conclusions rather than the opposing ones.

The plaintiff argues in the alternative that the administrative law judge was required to give Dr. Krainin's opinions more weight than he gave to the opinions of "the non-examining Social Security physicians." Itemized Statement at [3]. While it is true, as a general proposition, that opinions of examining sources are entitled to more weight than those of non-examining sources, *see* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1), this is but one of several factors relevant to the evaluation of a medical source's opinion, *see* 20 C.F.R. §§ 404.1527(d), 416.927(d), and an administrative law judge is entitled – indeed, directed – to resolve conflicts in the medical evidence, *see, e.g., Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d at 222. A blanket rule such as that posited by the plaintiff would render the state-agency reviews of a claimant's medical records a pointless exercise. It is also contrary to controlling precedent in this circuit. *Berrios Lopez v. Secretary of Health & Human Servs.*, 951 F.2d 427, 431 (1st Cir. 1991).

In addition, the factors that the regulation directs an administrative law judge to consider do not favor Dr. Krainin's opinions over those of other medical providers in this case. The first factor, length of the treatment relationship and frequency of examination, 20 C.F.R. §§ 404.1527(d)(2)(i), 416.927(d)(2)(i), does not favor Dr. Krainin's opinion, which is based at most on three monthly visits.[4] There is no evidence to suggest that the second factor, nature and

---

[4] I reject the contention of the plaintiff's attorney at oral argument that, because he had access to the plaintiff's records of treatment by other professionals at Tri County Mental Health, the length of Dr. Krainin's treatment relationship with the plaintiff should be extended by the time she spent undergoing treatment at Tri County. First, if such piggybacking were allowed under the applicable regulations, any applicant could simply choose a more favorable treating source, see him or her once and provide him or her with all of the applicant's previous treatment records, and the commissioner would have to treat that new treating source as if the treatment relationship had gone on for many years, rendering the length-of-treatment criterion meaningless. Second, in this case, as counsel for the commissioner pointed out at oral argument, Dr. Hoch, the state-agency reviewer, also reviewed the Tri County records, yet came to conclusions quite different from those of Dr. Krainin. *See* Record at 423, 427. Undoubtedly,

5

extent of the treatment relationship, 404.1527(d)(2)(ii) & 416.927(d)(2)(ii), favors Dr. Krainin's opinion. I have already addressed the third and fourth factors, supportability and consistency with the record as a whole. 404.1527(d)(3) & (4), 416.927(d)(3) & (4). The remaining factor, specialization, favors neither Dr. Krainin nor the medical professionals whose opinions differ from his.

The administrative law judge's discussion of his reasons for rejecting Dr. Krainin's conclusions, while brief, is adequate to meet the regulatory requirement that the reasons for rejecting a treating source's conclusions be set forth in the opinion.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 16th day of December, 2010.

> /s/ John H. Rich III
> John H. Rich III
> United States Magistrate Judge

---

the plaintiff would not argue that Dr. Hoch had a treating relationship with the plaintiff equal in duration to that which she enjoyed with Tri County.